UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PHILLIP L. COCHRAN, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 06-1069-PLF |
| ) | |
| v. ) | |
| ) | |
| ALBERTO GONZALES, ) | |
| ) | |
| Defendant. ) | |

**MOTION TO DISMISS OR IN THE ALTERNATIVE TO TRANSFER
AND SUPPORTING MEMORANDUM**

Defendant respectfully moves to dismiss this case for improper venue, pursuant to Rule 12(b)(3). In the alternative, Defendant moves to transfer this case to the Eastern District of Virginia, pursuant to 28 U.S.C. 1404.

Plaintiff asserts in his complaint that he suffered employment discrimination in violation of the Rehabilitation of 1973 when the Marshals Service allegedly "forc[ed] him to take an involuntary disability retirement because of his hearing loss." Complaint at 1. Plaintiff worked for the Marshals Service from 1986 to 1993, id. ¶ 4, and although the complaint carefully avoids explaining where he worked, it does reveal that he now resides in Abilene, Texas, id. Similarly, the complaint avoids explaining where the alleged employment actions took place, where Plaintiff would have worked but for the alleged discrimination, and where the Marshals Service maintains Plaintiff's employment records. The reality is that all of these elements indicate that venue is not proper in the District of Columbia. See Dec. Suzanne D. Smith, attached as Ex. 1.

**Argument**

I.  **Venue is Improper in the District of Columbia.**

Plaintiff's claims under the Rehabilitation Act are governed by the special venue provisions found in Title VII.  See Bolar v. Frank, 938 F.3d 377 (2d Cir. 1991); Stebbins v. State Farm Mut. Auto. Ins. Co., 413 F.2d 1100 (D.C. Cir. 1969); cf. El v. Belden, 360 F. Supp. 2d 90 (D.D.C. 2004) (Leon, J.) (Title VII and Americans with Disabilities Act claims).  The special venue provision in Title VII specifies four bases for venue:

> Such an action may be brought in any judicial district in the State **[1]** in which the unlawful employment practice is alleged to have been committed, **[2]** in the judicial district in which the employment records relevant to such action are maintained and administered, or **[3]** in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but **[4]** if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3) (numbering added).  Thus, the statute defines four primary possible venues for a Title VII case.  The fourth basis for venue is applicable only in situations where the agency "may not be found within the judicial district that is the locus of the alleged discrimination." Darby v. U.S. Dept. of Energy, 231 F. Supp. 2d 274, 278 (D.D.C. 2002).  Courts have specifically held that the actions and omissions of an agency's headquarters do not automatically impute venue wherever that principal office is located.  See, e.g., Robinson v. Potter, No. 04-890 (RMU), 2005 WL 1151429, 2005 U.S. Dist. LEXIS 9491 (D.D.C. May 2, 2005).

Here, venue under Title VII is not proper in the District of Columbia.  First, the allegedly improper employment practices occurred either in Virginia--where the Marshals Service headquarters are located and many employment decisions are made--or in Texas, where Plaintiff

worked when employed by the Marshals Service. See Smith Dec. ¶¶ 6-7. Accordingly, venue is not proper in the District of Columbia under the first basis of section 2000e-5(f)(3).

Second, all relevant employment records are maintained by the Marshals Service in either Virginia (for current employees) or Missouri (for former employees). See id. ¶ 7. Accordingly, venue is not proper under the second basis of section 2000e-5(f)(3).

Third, the alleged discrimination did not affect the location of Plaintiff's employment, and so the third basis in section 2000e-5(f)(3) cannot support venue in the District of Columbia.

Finally, the Marshals Service may be found in the Eastern District of Virginia, so the fourth basis for venue under section 2000e-5(f)(3) simply does not apply.

Therefore, Plaintiff cannot establish venue in D.C. under any of the four possible bases in Title VII's special venue provision in section 2000e-5(f)(3) and dismissal is appropriate pursuant to Rule 12(b)(3).

## II.     In the Alternative to Dismissal, Transfer is Appropriate.

Under one of the general venue provisions in Chapter 87 of Title 28, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it shall be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The mandatory nature of section 1406(a) ("shall dismiss, or . . . transfer") means that if the Court finds venue improper here, it must further consider whether the interest of justice indicates transfer instead of dismissal, and if so, which transferee districts would constitute proper venue for the case. Accord 28 U.S.C. § 1404.

In this case, it appears that the case could have been brought in the U.S. District Court for the Eastern District of Virginia, pursuant to section 2000e-5(f)(3). Therefore, Defendant

respectfully requests, in the alternative, that the Court transfer the case to the Eastern District of Virginia.

## Conclusion

For the foregoing reasons, venue is improper in D.C. and Defendants ask the Court to dismiss the case pursuant to Rule 12(b)(3) or, in the alternative, transfer the case to the Eastern District of Virginia.

October 4, 2006                                    Respectfully submitted,

JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

 /s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

 /s/
ALAN BURCH, D.C. Bar # 470655
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7204
alan.burch@usdoj.gov